UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WAYNE DAVID CHARLES MARSHALL | * | CIVIL ACTION |
| Plaintiff | * | |
| | * | NUMBER: |
| VERSUS | * | |
| | * | SECTION: |
| SUPREME OFFSHORE SERVICES, INC., | * | |
| Defendant | * | MAGISTRATE |
| | * | |
| | * | IN ADMIRALTY/9(h) |

******************************************************************************

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes WAYNE DAVID CHARLES MARSHALL, a person of full age of majority and resident of the State of Louisiana, and for his Complaint respectfully represents as follows:

1.

## JURISDICTION

This Court has jurisdiction in admiralty pursuant to 28 U.S.C. 1331, Federal Question Jurisdiction.

2.

## PARTIES DEFENDANT

1. Made defendant herein is SUPREME OFFSHORE SERVICES, INC., on information

1

and belief, a corporation authorized to do and doing business within the State of Louisiana and within the jurisdiction of this Court, and at all times herein, the owner and/or operator of the M/V BERTHA D.

3.

The defendant is liable unto the plaintiff in negligence, pursuant to the General Maritime Law of the United States of America, and under the law and statutes of the State of Louisiana, including but not limited to C.C. Arts. 2315 et seq., or alternatively pursuant to 33 U.S.C. 905(b), and hereby designates this claim as one in admiralty and maritime, for the following reasons:

## **FIRST CAUSE OF ACTION**

4.

On or about August 7, 2010, plaintiff was employed by a third-party, Coastal Catering, LLC, as a cook working aboard the M/V BERTHA D, a vessel owned and/or operated by defendant, SUPREME OFFSHORE SERVICES, INC., whose crew members were performing work aboard the platform to which the vessel was moored. On that date, plaintiff was performing his assigned duties as a cook aboard the M/V BERTHA D when, suddenly and without warning and due to the negligence of the defendants and/or their employees, plaintiff slipped and fell when exiting the outside cooler, which fall occurred through no fault of his and caused him serious injuries.

5.

Plaintiff was in no manner negligent. On information and belief, plaintiff alleges that the sole and proximate cause of his injuries, as described herein, was negligence and/or failure of the defendant and its vessel, and its servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following respects:

1. Failure to provide plaintiff with a safe place in which to work;

2. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;

3. Failure to warn the plaintiff;

4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessel;

5. Failure to properly maintain and repair the vessel;

6. Breach of legally imposed duties of reasonable care owed by the defendants to the plaintiff;

7. Other acts of negligence to be proven at the trial of this case.

6.

Solely by reason of the negligence of the defendant, and other acts and inactions described herein, plaintiff sustained serious injuries including but not limited to the following: possible ruptured and/or herniated discs and nerve damage, as well as injuries to his bones, muscles and joints, organs and tissues among other component parts of his head, back, neck, chest, ribs, legs, feet, and hands.  As a result thereof, plaintiff in the past and in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.

7.

As a direct and proximate result of the aforesaid negligence and breach of duties on the part of the defendant herein, plaintiff has suffered injuries and damages for which defendant is liable unto him, plus legal interest from the date of occurrence, attorney's fees, and all costs of these proceedings.

**WHEREFORE**, plaintiff prays that defendant be served with a copy of this Complaint, and after due proceedings had and the expiration of all legal delays herein, there be a judgment rendered in favor of the petitioner, WAYNE DAVID CHARLES MARSHALL, and against defendant, SUPREME OFFSHORE SERVICES, INC., in damages in an amount to be determined at trial, together with interest from the date of occurrence until paid, attorneys fees, and all costs; and for any and all other relief which the law and justice provides.

**RESPECTFULLY SUBMITTED:**

_____/s/ Julie Sumrall_____
LAWRENCE BLAKE JONES      (T.A. 7495)
DAVID C. WHITMORE              (17864)
JULIE SUMRALL                         (21387)
SCHEUERMANN & JONES, L.L.C.
701 Poydras St., Suite 4100
New Orleans, LA 70139
Telephone: (504) 525-4361
Facsimile: (504) 525-4380
Attorneys for Plaintiff,
Wayne David Charles Marshall

**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS WILL BE SERVED ON DEFENDANT(S).**