UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAYNE DAVID CHARLES MARSHALL | CIVIL ACTION |
| VERSUS | NO: 10-3198 |
| SUPREME OFFSHORE SERVICES, INC. | SECTION: R(5) |

**ORDER AND REASONS**

Defendant Supreme Offshore Services moves to exclude the expert report and testimony of Robert Borison.[1] Plaintiff Wayne David Charles Marshall opposes the motion.[2] Because the proffered testimony would not assist the Court as trier of fact, the Court grants defendant's motion.

**I. BACKGROUND**

This case arises out of plaintiff Wayne David Charles Marshall's slip and fall on the M/V Bertha D on or about August 7, 2010.[3] At the time, Marshall was employed by Coastal Catering, LLC as a cook. Defendant Supreme Offshore Services, Inc. owned and operated the BERTHA D. Marshall contends that as he exited a walk-in cooler on board, he slipped on a welding rod

---

[1] R. Doc. 21.

[2] R. Doc. 23.

[3] R. Doc. 1.

and fell.[4]  On September 20, 2010 Marshall filed this maritime personal injury action against Supreme Offshore Services seeking damages, attorney's fees, and costs.

Marshall hired Robert Borison, who prepared a report that "presents findings on factors that directly caused or contributed to the injuries sustained."[5]  In his report, Borison concluded that the direct cause of Marshall's accident "was the failure of the captains and crew of the M/V BERTHA D, and contractors working in this area, for not removing any slipping hazards (welding rods) from the designed walkway."[6]  He further concluded that (1) the failure of the captain, crew and contractors to warn the crew of the potential danger of slipping on items left in the walkway and (2) the failure to store slipping hazards in a location other than the walkway were contributing causes to Marshall's injury.[7]

## II.  DISCUSSION

The Federal Rules of Evidence govern Supreme's motion to exclude the report and testimony of Marshall's expert.  *See*

---

[4]  R. Doc. 21, Def.'s Ex. A and B.

[5]  R. Doc. 21, Def.'s Ex. C at 2.

[6]  *Id.* at 5.

[7]  *Id.*

*Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir. 2002).  Rule 702 provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  This rule applies not only to testimony based on scientific knowledge, but also to testimony of engineers and other experts that is based on technical or specialized knowledge.  *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).  The rule requires the trial court to act as a "gate-keeper," ensuring that any scientific or technical expert testimony is not only relevant, but also reliable.  *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).

There is no jury demand in this case, and therefore the Court is the trier of fact.  Supreme argues that Borison's testimony will not assist the trier of fact because his conclusions relate to issues within the common experience and knowledge of the Court.[8]

The Fifth Circuit has expressly recognized that expert testimony should be excluded if the court finds that "the jury

---

[8]  R. Doc. 21-1 at 2.

3

could adeptly assess [the] situation using only their common experience and knowledge." *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990). In *Peters*, the plaintiff was injured while unloading machinery on an offshore supply vessel. The Court found that expert testimony was unnecessary for the jury, as the trier of fact, to assess whether it was reasonable for the plaintiff's employer to instruct employees to move equipment manually during heavy seas, whether cargo was improperly stowed, and whether diesel fuel made the deck of the boat slippery. *Id.* at 449-50. *See also Oatis v. Diamond Offshore Mgmt. Co.*, No. 09-3267, 2010 WL 936449, at *2 (E.D. La. Mar. 12, 2010)(excluding expert testimony as to whether violation of work safety guidelines contributed to plaintiff's injuries); *McGhee v. Pride Offshore, Inc.*, No. 07-476, 2008 WL 2597925, at *4 (E.D. La. Apr. 3, 2008)(excluding expert testimony that defendant did not create a safe working environment, provide adequate instructions, warn plaintiff of hazards, and properly supervise plaintiff).

In *Williams v. Eckstein Marine Servs., Inc.*, No. 91-1841, 91-3026, 1992 WL 373616, at *1 (E.D. La. Dec. 9, 1992), the court excluded the testimony of two proposed experts in a marine personal injury case on the grounds that the content of their testimony would not aid the trier of fact. The court noted a "common trend" in personal injury testimony in which "expert

testimony" is proffered concerning common sense issues with which the fact finders need no expert assistance. The court identified the typical situation involving these unhelpful reports as follows:

> The testimony of an "expert" is tendered, who is an individual who happens to have some title, normally describing himself as a "consultant." A review of their "expert" reports normally reveals that the reports consist of their appreciation of the facts (some of which are in dispute), their conclusion as to what the law is or ought to be, as far as fixing responsibility for the accident, and for sure, a reservation at the end of the report to change their opinion if they learn more information.

*Williams*, 1992 WL 373616, at *1.

In this case, Borison's report states three conclusions about Marshall's accident: (1) the direct cause of Marshall's accident was the failure of the captains and crew of the M/V BERTHA D to remove slipping hazards from the designated walkway; (2) a contributing cause of Marshall's accident was the failure of the captain and crew to maintain the safety of the designated walkway by warning the crew of the potential danger of slipping items left in the hallway; and (3) a contributing cause of Marshall's accident was the failure of the captain and crew not to store slipping hazards next to a designated walkway, or move the storage box to another area.[9] Borison bases these conclusions on Marshall's contention that he slipped on a welding

---

[9] R. Doc. 21, Def.'s Ex. C at 5.

rod, a fact Supreme disputes.[10] The Court finds that testimony of this sort would intrude upon the domain of common sense matters for which the Court requires no expert assistance. Nothing in the report requires expertise, and the report will not assist the Court in its role as trier of fact. *See Thomas v. Global Explorer, LLC*, No. 02-1060, 2003 WL 943645, at *2 (E.d. La. Mar. 3, 2003).

## III. CONCLUSION

For the foregoing reasons, defendant's motion to exclude expert testimony is GRANTED.

New Orleans, Louisiana, this 15th day of December, 2011.

_Sarah Vance_

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[10] R. Doc. 21-1 at 5.